Bradford R. JONES, Appellant,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.

No. 59877.

Supreme Court of Missouri, En Banc.

Nov. 14, 1977.

Roy W. Brown, Kansas City, for appellant.

Neil McFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal from an order denying relief to Bradford R. Jones (appellant), a prisoner in the Missouri penitentiary, who sought to enjoin the Warden thereof from transferring him temporarily to the custody of officers of Johnson County, Kansas, pursuant to § 222.160, RSMo Supp. 1971.[1]

Appellant is a prisoner in the Missouri penitentiary under authority of commitments issued by the circuit court of Jackson County, Missouri, based upon sentences imposed after his conviction in that court of three felonies in as many cases. Appeals from the judgments in those cases were to the Missouri Court of Appeals, Kansas City district, and were pending there under submission when this case was submitted to this court. The amount of an appeal bond was set by the trial court in each of the Jackson county cases for admission of appellant to bail, but appellant was unable to post bond.[2]

On June 14, 1976, a detainer was placed against appellant at the Missouri penitentiary upon request of appropriate authorities of Johnson County, Kansas. On June 17, 1976, those authorities sought temporary custody of appellant under § 222.160, supra, for the purpose of prosecution of felony charges pending against him in that state and county.

On September 13, 1976, appellant filed in the circuit court of Cole county a motion seeking to enjoin the Warden from transferring him to the custody of the Kansas authorities. On the same day, the trial court issued its order staying transfer of

---

1. The "Agreement on Detainers" law.

2. These judgments were affirmed by the Court of Appeals August 29, 1977, in its cases numbered KCD 28583, KCD 28667 and KCD 28868. Appellant's motion for rehearing or, in the alternative, to transfer to this court were overruled and denied in each case on October 11. Applications to transfer filed here October 25 in our cases numbered 60425, 60426 and 60427 were denied the date this opinion was filed and the judgment of conviction in each of these cases is now final.

appellant's custody until final disposition of the proceedings commenced by appellant's motion. On October 27, 1976, a hearing was had on the motion, at the conclusion of which it was overruled. The order staying transfer was continued in force by order of the trial court pending disposition of the appeal in this case and final determination of the proceedings.

■ Two points are raised on this appeal. The first is that the court erred in denying the relief sought by his motion, because § 222.160, supra, denies him procedural due process guaranteed by the state constitution and the fifth and fourteenth amendments of the U. S. Constitution in that it fails to provide for judicial review of the proceedings for transfer.

Appellant acknowledges his awareness of this court's decision in *McQueen v. Wyrick*, 543 S.W.2d 778 (Mo. banc 1976) which was heard before but was not decided until after the trial court's decision in this case. In *McQueen* we construed § 222.160, supra, "so as to make available to persons transferred under its provisions procedures similar to those afforded to persons transferred under § 548.051," and to make available a "limited right of judicial review." 543 S.W.2d at 782. Appellant requests that the court apply in this case the directives of the *McQueen* case. Being of the opinion that the procedures outlined in *McQueen* meet the due process requirements of the state and federal constitutions referred to by appellant, we will, as appellant requests, remand this case for further proceedings in accordance with that decision.

■ Appellant's second point is that the court erred in denying him the relief sought, because he is not "a prisoner * * serving a term of imprisonment" within the meaning of Article IV of the Agreement on Detainers (§ 222.160, supra) and, therefore,

is not required to be made available to Kansas authorities. His reasoning is that he is not such prisoner because the Jackson county judgments sentencing him to imprisonment are not final for the reason his appeals from those judgments are still pending.

Article I of the Agreement on Detainers states the policy and purpose of this state and others party thereto to be "to encourage the expeditious and orderly disposition of [outstanding] charges [against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations and complaints * * *, [and to provide] cooperative procedures" to implement that policy and purpose. To that end, it is necessary that the Agreement be liberally construed.

Execution of the sentences of imprisonment imposed by the trial court was not stayed or suspended by reason of his appeals. The sentences would have been stayed by the appeals had appellant met the conditions for his admission to bail pending appeal, Rule 28.10(2),[3] but he did not. He obviously is a prisoner in the penitentiary where he is serving a term of imprisonment. The fact that the judgments sentencing him to imprisonment are pending on appeal does not, for the reason stated, alter the obvious. He is a prisoner serving a term of imprisonment within the meaning of the Agreement on Detainers.

■ He also contends that because his appeals in the three Jackson county cases are still pending, the decision as to whether he may be delivered to the custody of Kansas authorities "is in the power of the Governor [of Missouri] and no other," as provided in § 548.191; that in this respect § 222.160 conflicts with § 548.191.[4] A somewhat similar provision as that quoted

3. References to Rules are to Missouri Supreme Court Rules. Compare: §§ 547.130 to 547.160, RSMo 1969. References to sections of the statutes are to that revision except where otherwise indicated.

4. Section 548.191 is as follows: "If a criminal prosecution has been instituted against such

person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state."

from § 548.191 is contained in § 222.160.[5] There is no conflict and the time within which the governor of this state may act under the proviso of § 1, Article IV of § 222.160, has ended without action. Furthermore, § 4 of Article IV provides that delivery of appellant to the custody of Kansas authorities may not be denied "on the ground that the executive authority of the sending state has not affirmatively consented to or ordered such delivery." There is no substance to or merit in appellant's last contention.

The judgment is reversed and the case is remanded for review in accord with *McQueen v. Wyrick*, supra.

All concur.

5. Article IV, § 1, of § 222.160 is, in pertinent part, as follows: " * * * provided further that there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner."