**STATE ex rel. Frederick HAYNES, Relator,**

v.

**Honorable William BELLAMY, Judge, Respondent.**

**No. WD 39875.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 1, 1988.

Application to Transfer Denied
April 19, 1988.

ElGene Ver Dught, Higginsville, for relator.

W.W. Perry, Jr., Lexington, for respondent.

Before CLARK, C.J., and
SHANGLER and NUGENT, JJ.

NUGENT, Judge.

Frederick Haynes petitions for a writ of prohibition to prevent respondent Judge Bellamy from taking any action in *State v. Haynes*, Case No. CR 386–516F. He charges that Judge Bellamy lacks jurisdiction because he failed to comply with the Uniform Mandatory Disposition of Detainers Law, §§ 217.450—217.485.[1] A preliminary writ was issued on October 19, 1987. We now quash that writ.

We must first determine whether Haynes is a person who may avail himself of the detainers law.

In November, 1986, relator Haynes was charged with the unlawful use of a weapon. Imprisoned as a result of a parole violation, he filed a request through counsel that the weapons charge be disposed of under the Detainers Law. Relator was paroled from prison on July 13, 1987, before the running of the 180 days allowed for disposition of the charges. Section 217.450 provides that "[a]ny person confined in a state corrections institution may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned." Section 217.460 states that "[w]ithin one hundred eighty days after the

receipt of the request and certificate ..., the inmate or his counsel being present, the indictment, information or complaint shall be brought to trial."

Sections 217.450 to 217.485 are to be construed so as to make uniform the law of those states that enact it, § 217.480, and are to be construed in harmony with the Agreement on Detainers, enacted in Missouri as § 217.490. *State v. Smith*, 686 S.W.2d 543, 547 (Mo.App.1985). The terms of the Agreement cause the decisions of other states that are parties to the agreement to be particularly valuable in its construction. *Id.*

An inmate is "a person who has been placed in the custody of the department of corrections ... by judicial order." § 217.010(7). A parolee or probationer is a person under the jurisdiction and supervision of the board of probation or parole. § 217.010(8). The statutes refer to confined persons and inmates. By doing so, the statutes clearly contemplate use by prisoners whose terms of confinement exceed the 180–day period allowed for disposition of the charges.

A review of the Agreement's plain language reveals the assumption that the parties using the statute would be serving their prison terms before and after the statute was utilized. *State v. Thompson*, 19 Ohio App.3d 261, 483 N.E.2d 1207, 1209 (1984); *See* § 217.490, R.S.Mo.1986; Annot., 98 A.L.R.3d 160, 185 (1980). A parolee has been held not to be a " 'prisoner' " who is " 'serving a term of imprisonment.' " *United States v. Dobson*, 585 F.2d 55, 58 (3rd Cir.1978). A prisoner serving a term of imprisonment in the penitentiary is a prisoner within the meaning of the Detainer Agreement. *Jones v. Wyrick*, 557 S.W.2d 250, 252 (Mo.1977) (en banc). "Once a prisoner is released, his rights regarding the right to a speedy trial are the same as those of any other individual." *State v. Tarango*, 105 N.M. 592, 734 P.2d 1275, 1278 (App.1987).

When relator was released on parole within the 180 days following his re-

1. All sectional references are to the Revised   Statutes of Missouri, 1986.

quest, he lost the right to avail himself of § 217.450. His right to a speedy trial on the weapons charge is the same as that of any other individual.

For the foregoing reasons, we quash the preliminary writ issued in this case.

All concur.