**Roy Lee MURPHY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41780.**

Missouri Court of Appeals,
Western District.

Aug. 22, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Larry C. Pace, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Roy Lee Murphy, appeals from the denial of his motion under Rule 24.035. Appellant's motion sought to vacate his conviction and sentence for burglary in the second degree. Sentence was imposed against appellant on December 11, 1987.

Appellant argues on appeal that the Rule 24.035 Court erred by refusing to vacate his plea of guilty to the burglary charge because the State was foreclosed from prosecuting that offense for failure to bring him to trial within the 180 day time limit mandated by the "Uniform Mandatory Disposition of Detainers Law", §§ 217.450 to 217.485.[1] Appellant alleges that the sentencing court lacked jurisdiction over him by failing to comply with the requirements of §§ 217.450 and 217.460. Appellant also alleges on appeal that trial counsel was ineffective for failing to raise the Uniform Mandatory Disposition of Detainers Law as a defense.

Appellant filed a "Request for Disposition of Indictment, Information or Complaints", pursuant to the Uniform Mandatory Disposition of Detainers Law, with the Circuit Court of Henry County on March 18, 1987. The request was received by the prosecuting attorney on March 19, 1987. On April 9, 1987, appellant appeared in court for arraignment and the Public Defender was appointed to represent him with a preliminary hearing scheduled for May 21, 1987.

On May 21, 1987, the Public Defender appeared and informed the court that he had a conflict of interest. The Public Defender advised the court that he would request the appointment of counsel by the Missouri Public Defender Commission. The appellant was not personally present in court at this time and the preliminary hearing was continued to August 6, 1987. However, the preliminary hearing was not held on August 6, 1987, and there was no entry in the court's docket on that date. The court's docket next reflects in an entry of August 14, 1987, that "conflict counsel" had been appointed and the matter was rescheduled for August 27, 1987.

The matter was not taken up on August 27, 1987. Instead the court's docket under an entry of October 22, 1987, reflects the appointment of a second conflict public defender and the rescheduling of the preliminary hearing to November 20, 1987. On November 20, 1987, the appellant and his attorney appeared and waived a preliminary hearing and the appellant was bound over to the circuit court for arraignment.

On November 23, 1987, appellant appeared in court with his attorney. After the court refused to accept appellant's proposed plea of guilty, the court entered a plea of not guilty on his behalf and reset the case for December 8, 1987.

On December 8, 1987, the court sustained a request by appellant for a change of judge. The case was reassigned and on December 13, 1988, appellant appeared before the new judge with counsel and entered a plea of guilty to the charge of burglary in the second degree. Appellant's plea was part of a plea bargain where appellant agreed to plead guilty to the burglary charge and the State agreed to dismiss two other felony charges pending against appellant and additionally, to recommend a sentence of four years' imprisonment to run concurrent with sentences appellant was then serving.

At the hearing on appellant's 24.035 motion, appellant testified that he agreed to plead guilty only after his attorney, Mr. Cover, falsely told him that he had unsuccessfully moved for dismissal based on the State's alleged failure to bring the case to trial within 180 days. Mr. Cover testified that he gave appellant the option of either investigating and litigating the 180 day question or accepting the plea bargain that the State had agreed to. The prosecutor

---

1. All statutory references are to RSMo 1986.

testified that he was aware that appellant "felt he had a defense based upon the time lapse that occurred under the statute on detainers." The prosecutor testified that Mr. Cover "used that as a plea bargaining tool to persuade [him] to reduce [his] offer from five years to four years." The prosecutor emphasized that "Mr. Cover was aware of the statute and, in fact, used it to his client's advantage to persuade [the prosecutor] to reduce [his] offer."

The Rule 24.035 court found that appellant had no valid defense under the Uniform Mandatory Disposition of Detainers Law because the delays were either for good cause shown in open court, or caused by the appellant's own actions. The motion court found that the charges were disposed of within the period proscribed by § 217.460.

Section 217.460 provides as follows:

"Within one hundred eighty days after the receipt of the request and certificate by the court and the prosecuting attorney *or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the inmate or his counsel being present,* the indictment, information or complaint shall be brought to trial. *The parties may stipulate for a continuance* or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice." (Emphasis added.)

Section 217.460 of the Uniform Mandatory Disposition of Detainers Law, dealing with intrastate detainers, is to be construed in harmony with § 217.490, the "Agreement on Detainers" statute which deals with interstate detainers. These two sections are in *pari materia* and they both provide for a defendant to be brought to trial within a prescribed 180 day period.

See, *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353 (Mo. banc 1982); *State ex rel. Haynes v. Bellamy,* 747 S.W.2d 189, 190 (Mo.App.1988).

When two statutes embody identical policies, the principles of one may be applied to the other. *People v. Lewis,* 680 P.2d 226, 229 (Colo.1984).

The 180 day limitation of § 217.490, dealing with interstate detainers is not limited to the express provisions of that section. *State v. Smith,* 686 S.W.2d 543, 547 (Mo.App.1985). The limitation period has been extended under a variety of circumstances and for a variety of reasons and most often extensions have been founded on a defendant's express or implied waiver of the applicable period of limitation. *Id.* In *Smith,* the court held that the 180 day period as prescribed for interstate detainers is to be tolled "whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter," and that "any delay of a prisoner's trial which results from his affirmative action or agreement is not to be included in the period of limitation." *Id.* at 547.

Applying these principles to the present case, the delay from April 9, 1987, to August 6, 1987, cannot be included in the 180 day period of limitation of § 217.460. These delays were granted in open court, for good cause shown with either the appellant or his attorney present. The good cause being compliance with appellant's right to representation by counsel. The continuances within this period total 119 days, they were for appellant's benefit and involved a period of time during which he was unable to stand trial. Additionally, the five day period occasioned by appellant's request for change of judge, which was sustained, was by his action and agreement and is not to be included in the 180 day period of limitation. The request having been made by appellant effects a waiver of the period necessary to accomplish the change of judge and reschedule appellant's case. Accordingly, 124 days are to be excluded from the 180 day limitation period. Appellant's charges were disposed of with-

in a total of 266 days with 124 of those days being excludable. This results in appellant's charges having been disposed of within 142 days.

The Rule 24.035 court did not err by finding that the sentencing court had jurisdiction to sentence appellant and since appellant did not have a valid defense under the Uniform Mandatory Disposition of Detainers Law, counsel was not ineffective for allegedly failing to raise that defense. The denial of appellant's Rule 24.035 motion is affirmed.

All concur.