**STATE of Missouri, Respondent,**

v.

**Charles A. SEDERBURG, Appellant.**

**No. 23044.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 25, 2000.

---

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On May 24, 1999, Appellant pled guilty to the class D felony of escape from confinement. § 575.210, RSMo Supp.1995. The plea court sentenced Appellant to three years' imprisonment, suspended execution thereof, and placed Appellant on probation.

■ Appellant brings this appeal from that judgment. His sole point relied on is:

"The plea court erred in overruling Appellant's motions to dismiss and in accepting his guilty plea and sentencing him because Appellant was deprived of his rights to a speedy trial and the mandatory disposition of detainers under §§ 217.450–485 (UMDDL) and the plea court was thus without jurisdiction to accept the guilty plea, in that Appellant's request for final disposition of detainers under the UMDDL was filed on 12/29/97, and his guilty plea was on 5/24/99, and since more than 180 non-excludable days from his mandatory dis-

position of detainers request had passed by the time of the plea, the court was without jurisdiction."

Sections 217.450 to 217.485, cited in the above point, constitute the "Uniform Mandatory Disposition of Detainers Law." § 217.485, RSMo 1994. Like Appellant, this court shall refer to those sections, collectively, as the "UMDDL."

Section 217.450, RSMo Supp.1995, reads:

"1. Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

. . . ."

Section 217.455, RSMo 1994, reads:

"The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed."

Section 217.460, RSMo 1994, reads:

"Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice."

■ Where an inmate complies with § 217.450.1 and § 217.455, and the State fails to bring him to trial within the time required by § 217.460, no court has jurisdiction to try him thereafter, and the charge must be dismissed. *State ex rel. Clark v. Long,* 870 S.W.2d 932, 942[12] (Mo.App. S.D.1994); *Russell v. State,* 597 S.W.2d 694, 697[2] (Mo.App. W.D.1980).

■ Unlike the right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States and Art. I, § 18(a) of the Constitution of Missouri (1945), which may be waived by a plea of guilty, a claim of lack of jurisdiction by reason of the UMDDL is not waived by a plea of guilty. *Carson v. State,* 997 S.W.2d 92, 98[7] (Mo.App. S.D.1999); *O'Neal v. State,* 925 S.W.2d 480, 482–83 (Mo.App. W.D.1996). That is because a court which lacks jurisdiction over a criminal charge also lacks jurisdiction to accept a plea of guilty to that charge. *Carson,* 997 S.W.2d at 98[7]; *O'Neal,* 925 S.W.2d at 483[7]. A defendant may appeal from the judgment and sentence entered upon a guilty plea; the scope of review on such an appeal is limited to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge. *Tygart v. State,* 752 S.W.2d 362, 365[1] (Mo.App. S.D.1988); *State v. O'Neal,* 626 S.W.2d

693, 694 (Mo.App. S.D.1981); *State v. Le-Page*, 536 S.W.2d 834, 835[1] (Mo.App. 1976).

The following chronology is pertinent to Appellant's claim of error. Only those events relevant to this court's resolution of the claim are listed.

April 9, 1997. An assistant prosecutor files a "Felony Complaint" in the Associate Division of the Circuit Court of Phelps County charging Appellant with "escape from custody." The case is assigned number CR397–0514F. This opinion henceforth refers to it as "case 514."

December 29, 1997. Appellant, incarcerated in the Missouri Department of Corrections for another crime, files a written demand in case 514 to be tried "within the 180 day time limitation dictated by the [UMDDL]." This opinion henceforth refers to that document as the "Demand." The Demand avers Appellant "has the right to make this demand even though a detainer has not been filed with the MDOC [1]." [2]

June 24, 1998. A preliminary hearing is held in case 514. The "Case History" sheet shows Appellant is "Bound Over" and "ordered to appear on the next law day" pursuant to a local court rule.

June 26, 1998. Appellant is arraigned before a circuit judge in case 514. The judge grants the prosecutor leave to amend the charge to "escape from confinement." After the prosecutor amends, Appellant pleads not guilty. Other activity

occurs, including the arrival of a panel of veniremen to try the case. However, no trial is held because Appellant's lawyer ("Defense Counsel") announces he is unprepared, having been provided no "discovery" by the prosecutor.

August 6, 1998. The prosecutor and Defense Counsel appear before a circuit judge [3] in case 514. The prosecutor announces: "I would represent to the Court upon talking to the Sheriff's office that Mr. Sederburg is not in custody on this case and is not present.... [I]f memory serves, he was on a commitment and that commitment may have ended, and he's on a bond and I don't know if he was informed to be here today or not."

Defense Counsel responds: "I did not make any effort ... to notify my client that he needed to be here today, because I wasn't aware it was being called in front of the Court."

Defense Counsel then moves the court to dismiss case 514 because Appellant was not brought to trial within the time required by § 217.460 (quoted *supra*). A debate ensues about which side should be charged with the delay between June 26, 1998,[4] and August 6, 1998. That dialogue and the facts on which each side based its position need not be recounted.

The judge announces case 514 will be set for trial within 45 days unless (a) the judge is "prohibited by the Court of Appeals" or (b) the judge grants Appellant's motion to

1. This court infers "MDOC" is an abbreviation for the Missouri Department of Corrections.

2. Appellant's brief declares a "Notice of Detainer" was filed with "MDOC" on February 11, 1998 (44 days after Appellant filed the Demand). The record does not confirm that averment, and no copy of such a notice appears in the record or as an exhibit. Additionally, the record is bare of any indication that Appellant filed a request for disposition in case 514 *after* the Notice of Detainer was allegedly filed. While those circumstances might, in a factual scenario different from the one here, have a bearing on the outcome of

this appeal, they are of no consequence because of other facts set forth *infra*.

3. A different judge than the one who presided June 26, 1998.

4. Defense Counsel maintained June 26, 1998, was the date on which "the 180 days expired." That would be correct only if the day Appellant filed the Demand were included in the count. There is case law indicating said day should be excluded. *State v. Galvan*, 795 S.W.2d 113, 118[3] n. 8 (Mo.App. S.D.1990). It is unnecessary to explore that subject in this appeal.

dismiss, which is taken "under advisement."

October 30, 1998. The judge denies Appellant's motion to dismiss.

May 24, 1999. Appellant pleads guilty in case 514, as reported in the first sentence of this opinion. That event occurs some 511 days after he filed the Demand.

Appellant's brief, displaying commendable industry, meticulously reviews the events listed in this opinion (and other occurrences that took place while case 514 was pending in the plea court), endeavoring to demonstrate that more than 180 "non-excludable days" elapsed between the date Appellant filed the Demand and the date he pled guilty.

The State responds that such calculations are immaterial because Appellant was released from the Department of Corrections "prior to the expiration of the UMDDL period." Specifically, the State's brief avers Appellant "was paroled from the Missouri Department of Corrections" on June 5, 1998.

The State concedes Appellant's "specific parole date is not in the record." Nonetheless, the State declares that fewer than 180 days elapsed from the time Appellant filed the Demand until he was paroled. That is significant, says the State, because of *State ex rel. Haynes v. Bellamy*, 747 S.W.2d 189 (Mo.App. W.D.1988).

In *Haynes*, a prison inmate filed a request under the UMDDL for disposition of a "weapons charge" pending against him. *Id.* at 190. He was paroled "before the running of the 180 days allowed for disposition of the charges." *Id.* He thereafter filed a petition for a writ of prohibition, averring the trial court lacked jurisdiction to try him because he had not been brought to trial within the time required by the UMDDL. *Id.* The Western District of this Court held:

> "When relator was released on parole within the 180 days following his request, he lost the right to avail himself of § 217.450. His right to a speedy trial

on the weapons charge is the same as that of any other individual."

*Id.* at 190–91[2].

The Supreme Court of Kansas, citing *Haynes*, reached the same result in *State v. Julian*, 244 Kan. 101, 765 P.2d 1104 (1988). There, a Kansas prison inmate filed a request under the Kansas version of the UMDDL for disposition of a criminal charge pending against him in a Kansas court. 765 P.2d at 1105–06. He was freed from prison on probation some 40 days after the request was filed. *Id.* at 1106. On the day he was freed from prison, he was released on bond on the pending charge. *Id.* After 180 days passed following the filing of his request for disposition, he moved the trial court to dismiss the charge. *Id.* The trial court granted the motion. *Id.* On appeal by the State, the Supreme Court of Kansas held:

> "We agree with the construction placed upon the Uniform Mandatory Disposition of Detainers Act by the Missouri court. Once [the prison inmate] was released on probation and bond, his rights to a speedy trial were the same as any other individual charged with a felony in the State of Kansas, and he no longer had the right to rely upon the speedy trial provisions of the Act."

*Id.* at 1107–08.

The Supreme Court of Kansas reversed the trial court and remanded the case for further proceedings. *Id.* at 1108.

■ Consistent with *Haynes* and *Julian*, this court holds that if fewer than 180 days elapsed between the date Appellant filed the Demand and the date he was paroled from the Missouri Department of Corrections, he was ineligible to invoke the UMDDL as a basis for seeking dismissal of case 514.

It is evident from the dialogue at the August 6, 1998, proceeding (quoted earlier) that Appellant was free on bond in case 514 at that time. *A fortiori*, he was no longer an inmate of the Missouri Depart-

ment of Corrections. Accordingly, this court's task is to determine, if it can, when he was paroled from the Department of Corrections.

The first clue is an entry on the "Case History" sheet in case 514 dated "06/08/98." It shows, *inter alia:* "DEFENDANT APPEARS IN PERSON ... BOND SET AT $5,000.00."

The next clue is an entry dated "06/11/98." It reads:

"Bail Posted SEDERBURG, CHARLES ALLAN

Property

  $5,000.00

POSTED BY JOHN & CARLA GREENWALD"

That entry is followed by one dated "06/12/98." It reads:

"Document filed

Bond

Bondsman"

Those entries indicate Appellant was free on bond at the time of the preliminary hearing (June 24, 1998). That assumption is fortified by the entry that date—quoted earlier—that Appellant was ordered to appear in case 514 on the next law day.

Furthermore, at the end of the proceedings June 26, 1998, after the judge ruled there would be no trial that date, the judge addressed the prosecutor, Defense Counsel, and Appellant, saying: "You all are free to go." Obviously, Appellant would not have been "free to go" had he been confined.

This court holds the only reasonable conclusion from the record is that Appellant was paroled from the Department of Corrections no later than June 11, 1998, as that was the date his $5,000 bond was posted in case 514 by the Greenwalds. On June 11, 1998, fewer than 180 days had passed since he filed the Demand (December 29, 1997). Consequently, Appellant had no right under the UMDDL to be tried in case 514 within 180 days after he filed the Demand.[5] *Haynes,* 747 S.W.2d at 190–91[2].

Appellant's point relied on is without merit.

Judgment affirmed.

BARNEY, C.J., and GARRISON, J., concur.

---

5. The State maintains Appellant is also ineligible to invoke the UMDDL because the record is bare of proof that the prosecutor was served with the Demand and the certificate required by § 217.455. It is unnecessary to consider that argument.