STATE of Missouri, Respondent,

v.

Eric L. PETERSON, Appellant.

No. WD 57111.

Missouri Court of Appeals,
Western District.

Oct. 31, 2000.

Patrick W. Peters, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, C.J., and BRECKENRIDGE and HOWARD, JJ.

HOWARD, Judge.

Eric L. Peterson appeals from his conviction of tampering in the first degree, § 569.080.1(2).[1] Peterson's sole point on appeal is that the trial court erred in denying his motion to dismiss for lack of jurisdiction pursuant to § 217.460, because the trial court lacked jurisdiction to hear his case more than two years after he filed a request for disposition of the charge against him, when he was paroled to the custody of Jackson County and the court twice transferred him to the custody of other jurisdictions.

We affirm.

## Facts

In case number CR97–3682, Eric Peterson was charged on June 3, 1997, with one count of tampering in the first degree, § 569.080.1(2). The stipulated evidence is that on February 26, 1997, Peterson, posing as a customer, took a 1993 white Ford F–150 pickup truck from Raytown Dodge in Raytown, Missouri, using the pretext of having the vehicle examined by a mechanic as a prelude to buying the vehicle. Peterson did not return the vehicle and it was reported stolen. On March 9, 1997, Peterson was stopped driving the vehicle following a chase by law enforcement officers.

At the time the complaint was filed, Peterson was incarcerated at the Western Missouri Correctional Center in Cameron, Missouri, serving a five-year sentence. On September 18, 1997, Peterson signed a "motion for final disposition" requesting disposition of case number CR97–3682 "within the 180 day time period set forth in Section 217.460 R.S. Mo 1994." Peterson's motion was notarized on September 18, 1997 and file stamped by the Jackson County Circuit Court on October 3, 1997.

On December 19, 1997, Peterson was released from the Missouri Department of Corrections to the custody of the Jackson County Department of Corrections on case number CR97–3682. On December 19,

[1] All statutory references are to RSMo 1994, unless otherwise indicated.

1997, Peterson had his first appearance before the Associate Circuit Court of Jackson County, with a $5,000 secured bond indicated; a "Notice to Jackson County Department of Corrections" dated December 19, 1997, showing a $5,000 ROR bond; and a bail bond sheet showing a $5,000 ROR bond with the notation "Ray County Holds." The next court appearance was set for January 14, 1998 at 1:30 p.m. in Division 32.

Peterson was transferred to Ray County on case number 497–234M on December 20, 1997. He remained in Ray County until February 20, 1998, and was then transferred back to the Jackson County Department of Corrections on the charge in this case. The Circuit Court of Jackson County issued a capias warrant on either January 14 or 20, 1998. On February 22, 1998, Peterson was released on a $10,000 ROR bond. On February 25, 1998, Peterson appeared in court and was given a court date of March 18, 1998. On March 18, 1998, Peterson appeared in court and was arrested on his Kansas parole hold and remanded to the custody of the Jackson County Department of Corrections. The cause was continued at Peterson's request to April 15, 1998. At the April 15 hearing, Peterson waived his preliminary hearing with an arraignment date of April 27, 1998. On April 20, 1998, Peterson was transferred to the Kansas Department of Corrections at Ellsworth Correctional Facility.

On April 22, 1998, Peterson wrote the public defender's office, informing it of his transfer to the Kansas Department of Corrections and requesting a speedy trial writ. On April 27, 1998, the Jackson County Circuit Court issued a warrant for failure to appear. On May 13, 1998, Peterson filed a form 9 with the Kansas Department of Corrections requesting that a disposition of detainer be filed in CR97–3682. On May 14, Peterson was informed that there was no active detainer.

On June 10, 1998, Peterson filed a second request for disposition of charges with the Jackson County clerk. Peterson was paroled from Kansas and transferred to Jackson County, Missouri, on October 1, 1998. On October 12, Peterson was released on a $10,000 ROR bond. On October 15, 1998, Peterson was arraigned with a trial date of November 16, 1998. The public defender requested a continuance. On February 16, 1999, a scheduling order continued the case, by agreement of the parties, until April 5, 1999.

On March 19, 1999, Peterson's counsel filed a motion to dismiss based on the State's failure to bring Peterson to trial within 180 days of the October 3, 1997, motion for final disposition. The court overruled the motion.

On April 5, 1999, Peterson waived a jury trial, stipulated to the State's evidence, and was found guilty of tampering in the first degree by the Circuit Court of Jackson County and sentenced to three years' imprisonment. This appeal follows.

## Argument

Peterson's sole point on appeal is that the trial court erred in denying his motion to dismiss for lack of jurisdiction pursuant to § 217.460, because the trial court lacked jurisdiction to hear his case more than two years after he filed a request for disposition of the charge against him, when he was paroled to the custody of Jackson County and the court twice transferred him to the custody of other jurisdictions.

The Uniform Mandatory Disposition of Detainers Law, §§ 217.450–217.485 RSMo 1994 and RSMo Cum.Supp.1999, governs this case.

Section 217.450.1 RSMo Cum.Supp. 1999 provides as follows:

Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned. The request shall be in writing addressed to the court in which

the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Section 217.455 provides as follows:

The request provided for in section 217.450 shall be delivered to the director, who shall forthwith:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

Section 217.460 provides as follows:

Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

In *State ex rel. Haynes v. Bellamy*, 747 S.W.2d 189, 190–91 (Mo.App. W.D.1988), this court held that when a prisoner is released on parole within the 180 days following his request, he loses the right to avail himself of § 217.450, and his right to a speedy trial is the same as that of any other individual. Peterson acknowledges that *Bellamy* controls in the present case, but requests that we reconsider the rule set forth in that case for two reasons: first, because the language of § 217.450.1 requires a final disposition within 180 days if the request is filed by "[a]ny person confined in a department correctional facility," and the statute contains no language exempting the State from compliance upon the granting of parole; second, because if the rationale in *Bellamy* is allowed to stand, the State is permitted to move the defendant from institution to institution in a shell game that thwarts the purpose of the statute.

As previously noted, § 217.450.1 provides that "[a]ny person confined in a department correctional facility may request a final disposition ... while so imprisoned." The Uniform Mandatory Disposition of Detainers Law "applies only to persons confined in a *state correctional institution* against whom charges are pending in this state." *Lancaster v. Stubblefield*, 985 S.W.2d 854, 857 (Mo.App. E.D.1998), *cert. denied*, 528 U.S. 854, 120 S.Ct. 134, 145 L.Ed.2d 115 (1999). (Emphasis added.)

Peterson was released from the Missouri Department of Corrections within 180 days of his request. Because he was no longer confined in a state correctional institution, the Uniform Mandatory Disposition of Detainers Law was not applicable.

The judgment of the trial court is affirmed.

SPINDEN, C.J., and BRECKENRIDGE, J., concur.