STATE of Missouri,
Plaintiff/Respondent,

v.

Tyrone HARRIS, Defendant/Appellant.

No. ED 81132.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 10, 2003.

Scott Thompson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., & Andrea Mazza Follett, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Defendant, Tyrone Harris, appeals from the judgment entered after pleading guilty to robbery in the second degree, Section 569.020 RSMo.2000. We affirm.

While incarcerated by the Missouri Department of Corrections for possession of a controlled substance, defendant was charged with robbery in the first degree, Section 569.030 RSMo.2000. Defendant filed a request for disposition thereby invoking the Uniform Mandatory Disposition of Detainers Law (UMDDL) under Sections 217.450–485 RSMo.2000 to dispose of the charge within 180 days. The disposition of detainer was filed on December 29, 1998. Defendant was arraigned on March 19, 1999 and was released on April 27, 1999, for a total of 119 days of incarceration. Defendant returned to custody on a parole violation on January 10, 2000. The trial court granted several continuances for both defendant and the State. Defendant filed a motion to dismiss the indictment on the grounds that the request for disposition of the charge had not been complied with within 180 days of filing under the UMDDL. The trial court denied the motion. Defendant then pled guilty to an amended charge of robbery in the second degree on March 6, 2002.

Defendant's sole point on appeal is that the trial court erred in denying his motion to dismiss the indictment for "lack of jurisdiction some 800 days after he filed a request for disposition of detainers within 180 days." Defendant argues that the trial court lacked jurisdiction to do anything but dismiss the case with prejudice.

Section 217.450 RSMo.2000 states that "any person confined in a department correctional facility may request a final disposition of any untried indictment, information, or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." Once a defendant is released from prison within the 180–day time limit of the UMDDL, he or she loses the benefit of the statute. *State v. Peterson*, 30 S.W.3d 209, 211 (Mo.App. W.D.2000). As the UMDDL states, defendants have a right to a disposition of any untried charges within 180 days "while so imprisoned." There is "no right under the UMDDL to be tried .... within 180 days"

after filing the demand if the defendant is not imprisoned. *State v. Sederburg,* 25 S.W.3d 172, 176–77 (Mo.App. S.D.2000).

 In the instant case, defendant was released from the Missouri Department of Corrections within 180 days after filing his request for disposition. Because he was no longer confined, the UMDDL was no longer applicable. Once released, defendant lost the right to disposition within 180 days and his "right to a speedy trial was the same as [that] of any other individual." *State ex rel. Haynes v. Bellamy,* 747 S.W.2d 189, 190 (Mo.App.1988).

The judgment is affirmed.

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., concur.