**William B. SACKMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 90715.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 3, 2009.

Michelle Murphy Rivera, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

William Sackman ("Movant") appeals from the judgment of the Circuit Court of St. Francois County denying his Rule 24.035 motion for post-conviction relief, without an evidentiary hearing. Movant asserts that the motion court clearly erred in denying his claim that the circuit court lacked jurisdiction to accept his guilty plea because the State of Missouri did not dispose of his charges within the 180–day period prescribed by the Interstate Agreement on Detainers. We affirm.

### Background

While incarcerated in the Illinois Department of Corrections, the State of Missouri charged Movant with one count of possession of a controlled substance and one count of stealing. On July 6, 2006, the State lodged a detainer against Movant. On July 11, Movant filed a request for a final disposition of indictments, informations, and complaints pursuant to the Interstate Agreement on Detainers ("IAD"), codified at MO.REV.STAT. § 217.490 (2000).[1] The circuit court and prosecuting attorney received Movant's request on July 20, 2006.

On November 17, 2006, the Illinois Department of Corrections released Movant on parole. On that same day, Movant was transported directly to the Missouri Department of Corrections to serve the remainder of unrelated sentences imposed by various Missouri courts.

On January 26, 2007, Movant filed a motion to dismiss the charges, asserting that the State violated the IAD when it failed to try him within 180 days after receiving his request for a final disposition. The circuit court denied Movant's motion on April 19, 2007. On June 1, 2007, Movant pled guilty to possession of a controlled substance, and the State filed a *nolle prosequi* as to the stealing count. After determining that Movant entered his plea knowingly and voluntarily, the circuit court convicted Movant and sentenced him to two years' imprisonment, to run concurrently with the previous sentences Movant was serving in the Missouri Department of Corrections.

Following his plea, Movant filed a timely Rule 24.035 motion for post-conviction relief, which appointed counsel later amended. In his motion, Movant claimed that the circuit court lacked jurisdiction to convict and sentence him because the State had not tried him within 180 days of the circuit court and prosecuting attorney's receipt of his request for a final disposition as required by the IAD. In its findings of fact and conclusions of law, the motion court concluded that the IAD applies only to persons imprisoned in one state and awaiting trial in another state. The motion court denied Movant's motion finding that Movant was no longer imprisoned in Illinois at the expiration of the 180–day period and, therefore, could no longer

---

1. All statutory citations are to Missouri Revised Statutes (2000).

claim protection under the IAD. Movant appeals.

## Standard of Review

Our review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Goodwin v. State*, 191 S.W.3d 20, 26–27 (Mo. banc 2006). The motion court's rulings are presumed correct and are clearly erroneous only when, in light of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* at 27.

## Discussion

In his sole point on appeal, Movant claims that the motion court clearly erred in denying his motion for post-conviction relief because the State did not dispose of his charges within the 180–day period prescribed by the IAD, and therefore the circuit court lacked jurisdiction to convict and sentence him on June 1, 2007. In response, the State contends that Movant can no longer claim protection under the IAD because: (1) Movant was paroled from the Illinois Department of Corrections on November 17, 2006, before the 180–day period expired, and (2) Movant waived any protections under the IAD when he pled guilty to the underlying charge.

The IAD is a compact among 48 states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, designed to provide "cooperative procedures" between the states in order to "encourage the expeditious and orderly disposition" of charges and detainers "emanating from another jurisdiction[.]" Section 217.490 RSMo (IAD Art. I); *see also Carchman v. Nash*, 473 U.S. 716, 719–20, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985). The IAD is intended to alleviate the "difficulties in

securing speedy trial of persons already incarcerated in other jurisdictions [that] produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." Section 217.490 RSMo (IAD Art. I).

Article III(1) of the IAD provides in relevant part:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]

Section 217.490 RSMo. Pursuant to Article V(3) of the IAD, if a person is not brought to trial within 180 days following a request for final disposition of untried indictments, informations, or complaints as required by Article III, "the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." *Id.*

■ Movant concedes that Article III of the IAD, which, by its plain language, applies only to persons serving a "term of imprisonment," does not apply to a parolee who is not in the custody of "a penal or correctional institution." *See State ex rel. Haynes v. Bellamy*, 747 S.W.2d 189, 190 (Mo.App. W.D.1988) (adopting non-Mis-

souri case law holding that, under the IAD, a parolee is not a "prisoner" who is "serving a term of imprisonment") (citation omitted). Movant also acknowledges that once a prisoner is released on parole prior to the running of the 180–day time period, he or she is no longer entitled to the protections of the IAD. *See id.* (" 'Once a prisoner is released, his rights regarding the right to a speedy trial are the same as those of any other individual.' ") (quotation omitted). Movant, however, argues that he remained within the protection of the IAD after he was released on parole from the Illinois Department of Corrections because he "was paroled directly [from Illinois] to the Missouri Department of Corrections ... where he continued to serve time for sentences that had been running while he was incarcerated in Illinois." Consequently, Movant claims that the 180–day limitations period continued to run while he was serving a "term of imprisonment" in Missouri and the circuit court should have dismissed the charges after the 180–day period expired.

The express language of Article III limits its application to persons serving a term of imprisonment in a "party state" while an untried indictment, information or complaint is pending in *"any other* party state." Section 217.490 RSMo (IAD Art. III(1)) (emphasis added). Consistent with the language of Article III, this Court previously has held that "[the IAD] applies only where the defendant is imprisoned in a correctional institution in *another* jurisdiction." *Dillard v. State,* 931 S.W.2d 157, 166 (Mo.App. W.D.1996) (emphasis added); *see also Lancaster v. Stubblefield,* 985 S.W.2d 854, 856 (Mo.App. E.D.1998) ("[S]ection 217.490 only applies to prisoners incarcerated in another jurisdiction who are subject to detainers originating in Missouri."). Accordingly, Movant does not fall within the protection of Article III because, although he was continuously im-

prisoned in Illinois and then in Missouri, he was no longer continuously serving a "term of imprisonment" in "any other party state" after he was paroled by the Illinois Department of Corrections. Therefore, the motion court did not clearly err when denying Movant relief based on the alleged violation of the IAD's 180–day requirement.

Moreover, as correctly asserted by the State, Movant waived any potential protection under the IAD when he entered his guilty plea. In *Ellsworth v. State,* this Court, after thoroughly addressing the various federal court decisions construing the IAD, unequivocally held that "the 180–day limitation of the [IAD] is not jurisdictional and is therefore waivable by a prisoner's subsequent guilty plea." 964 S.W.2d 455, 459 (Mo.App. E.D.1998).

■ Notwithstanding our holding in *Ellsworth,* Movant argues that the IAD's 180–day limitation is jurisdictional and thus non-waivable. In support of this argument, Movant relies on the Uniform Mandatory Disposition of Detainers Law ("UMDDL"), which, similar to the IAD, provides a procedure for persons incarcerated in Missouri to request a final disposition of untried complaints, informations, and indictments and be brought to trial within 180 days. Mo.Rev.Stat. § 217.450 *et seq.; State v. Murphy,* 157 S.W.3d 773, 775 (Mo.App. W.D.2005).

Movant contends that because the 180–day limitations period under the UMDDL is jurisdictional, the IAD's 180–day period should also be treated as jurisdictional. Movant's reliance on the UMDDL, however, is misplaced. When faced with this identical issue in *Ellsworth,* we acknowledged that the UMDDL expressly provides that "upon expiration of 180 days, *'no court of this state shall have jurisdiction* of such [untried] indictment, information

or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.' " 964 S.W.2d at 458 (quoting Mo.Rev.Stat. § 217.460) (internal addition in the original) (emphasis added). However, because the IAD, unlike the UMDDL, "has no such express language divesting the court of jurisdiction[,]" we declined to hold that the 180–day limitation period of the IAD was jurisdictional. *Ellsworth,* 964 S.W.2d at 458. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.