**STATE of Missouri, Plaintiff/Appellant,**

v.

**William Joseph WALKER, Jr., Defendant/Respondent.**

No. 57932.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 4, 1990.

Caroline M.C. Komyati, Asst. Pros. Atty., St. Charles, for plaintiff-appellant.

Margaret Plank, Deborah M. Bird, St. Charles, for defendant-respondent.

GRIMM, Judge.

The State appeals from the trial court's order dismissing the information against defendant William Joseph Walker, Jr. The information was dismissed; because the State exceeded the 180–day limitation it had to dispose of the charges under Missouri's Uniform Mandatory Disposition of

Detainers law, § 217.450 [1] et seq. We affirm.

### I.

Defendant was received by the Department of Corrections on April 14, 1989, to serve a ten-year sentence. On May 12, 1989, St. Charles County lodged a detainer against defendant. The detainer pertained to offenses which allegedly occurred in St. Charles County in 1987, as set forth in a complaint filed November 1, 1988.

On May 22, 1989, the circuit court and prosecutor received defendant's § 217.460 request for a final disposition of the charges pending against him. Under this statute, defendant's request required the State to bring him to trial within 180 days, unless an exception applied. If the defendant is not brought to trial within that time period, § 217.460 requires the court to "issue an order dismissing the same with prejudice."

As indicated, the State had 180 days from May 22, 1989, to bring defendant to trial. Thus, the time would expire on November 18, 1989. Since November 18 was a Saturday, the State had until November 20 to bring defendant to trial. Rule 20.-01(a).

The associate division of the circuit court set defendant's arraignment for August 8. On June 27, the State filed a written request for a continuance. On that same day, the associate division granted it, continuing the case to September 20. For a reason not within the record or legal file, on July 21, the associate division continued the case to September 27.

The preliminary hearing was conducted on September 27 and defendant was bound over. He was ordered to appear for arraignment on November 6. The State, however, did not file an application for writ of habeas corpus ad prosequendum until October 31. Apparently, as a result of this late request, defendant's arraignment was postponed from November 6 and rescheduled for November 17.

On January 19, 1990, defendant filed a motion to dismiss, citing violation of § 217.460. On January 29, a hearing on the motion was held. The motion was sustained and the case was "dismissed with prejudice for the State's failure to bring the defendant's case to trial within 180 days of his Request for Disposition of Detainers."

### II.

In its only point, the State contends the trial court "erred in dismissing the information against the defendant in that the 180 day period of [§ 217.460] was tolled for 50 days by the State's continuance where [defendant's] attorney had notice and opportunity to be heard."

The State's request for continuance is dated June 26, 1989. At the hearing on defendant's motion to dismiss, the State said it mailed the request to defendant's attorney. The file stamp of the associate division reflects the request was received on June 27. The supplemental legal file shows that defendant's attorney received the request on June 27.

The associate division granted the State's request on June 27. There is nothing in the record before us which indicates defendant had an opportunity to be heard on the motion before it was granted.

Section 217.460 requires that a defendant be brought to trial within 180 days. That section, however, contains three exceptions to that requirement.[2] First, the trial court may, "for good cause shown in open court, the inmate or his counsel being present," grant "additional necessary or reasonable time." Second, the "parties may stipulate for a continuance." Third, "a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard."

---

**1.** All statutory references are to RSMo 1986, unless otherwise specified.

**2.** Actions by a defendant may also extend the 180–day limit. *See, Murphy v. State,* 777 S.W.2d 636, 638 (Mo.App.W.D.1989), concerning defendant's request for a change of judge.

The State contends the third exception is applicable. It argues the June 27 request, "in advance of the preliminary hearing date of August 8, 1989, provided sufficient notice" to defendant's attorney.

The third exception, however, requires two things. First, it requires notice to defendant's attorney of the request for continuance. Second, defendant's attorney must be given an opportunity to be heard on the request. The reason for these requirements is obvious; the defendant is entitled to oppose the State's request.

The opportunity "to be heard" must be before the continuance is ruled by the court, not afterwards. Otherwise, the provision "to be heard" would be meaningless, and defendant would not have an opportunity to oppose the request.

The requirements of the third exception were not met. Since none of the exceptions apply, the State had only until November 20 to try the defendant. When the defendant was not tried by that date, "no court of this state [had] jurisdiction thereof." § 217.460. As a result, under § 217.460, the circuit court was required to "issue an order dismissing the [charges] with prejudice." The State's point is denied.

The judgment is affirmed.[3]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

**3.** Defendant's motion to dismiss appeal for the reason that the State is not authorized to appeal was ordered taken with the case. The motion is denied. *State v. Brown,* 722 S.W.2d 613, 616 (Mo.App.W.D.1986).