STATE of Missouri, Plaintiff/Respondent,

v.

Benerie ALLEN, Defendant/Appellant.

Benerie ALLEN, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 69709, 71364.

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals after he was convicted by a jury of three counts of first degree robbery (Counts I, V, and VI), section

569.020, RSMo 1994[1] and one count of first degree assault (Count II), section 565.050. The court found defendant to be a prior and persistent offender and sentenced him to the following prison terms: life for Count I to run concurrently with a thirty year term for Count II; life for Count V to run consecutively to Counts I and II; and life for Count VI to run consecutively to Count V. Defendant also appeals the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm the judgment as to defendant's conviction and sentence. We reverse the judgment as to defendant's Rule 29.15 motion and remand the cause for an evidentiary hearing.

Defendant and Sandra Krausz forcibly stole property from three separate victims on July 9, 1994, August 1, 1994, and August 6, 1994. During the robberies, defendant used or threatened the use of a deadly weapon or what appeared to be a deadly weapon. Defendant also assaulted the victim on July 9 by striking the victim's cheek and jaw with a hammer clenched in his fist.

On appeal, defendant argues that the trial court erred when it "denied [defendant's] *Batson* motion, because the state used its peremptory challenges to strike black venirepersons solely because of their race."

■ A prosecutor may not strike a potential juror based upon that person's race. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The United States Supreme Court has established a three-step analysis for *Batson* challenges:

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.

*Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834, 839 (1995). The prosecutor's explanations need not rise to the level justifying exercise of a challenge for cause, *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723, and unless a discriminatory intent is inherent in the prosecutor's explanation, the reason will be deemed race neutral. *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991).

■ A reviewing court will set aside a trial court's finding as to whether the prosecutor discriminated in the exercise of his peremptory challenges only if it is clearly erroneous. *State v. Blankenship,* 830 S.W.2d 1, 15 (Mo. banc 1992). A finding is clearly erroneous if the reviewing court is left with a definite and firm impression that a mistake has been made. *State v. Ramsey,* 864 S.W.2d 320, 334–35 (Mo. banc 1993), *cert. denied,* 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994). In determining whether the trial court's finding was clearly erroneous, this court must give great deference to the trial court's finding. *State v. Antwine,* 743 S.W.2d 51, 66 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988).

After reviewing the record, we find that the trial court did not err.

Defendant also contends that the motion court clearly erred when it denied defendant's motion for post-conviction relief. Defendant alleges:

> The motion court's judgment denying [defendant] postconviction relief without an evidentiary hearing, was clearly erroneous because [defendant] pled facts which, if true, would have entitled him to relief and those facts were not refuted by the record. [Defendant] was denied due process of law and the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, sections 10 and 18(a) of the Missouri Constitution, when the court proceeded to trial against him on October 2, 1995 because the court lacked jurisdiction since [defendant] had filed a request for disposition of detainers and the 180–day limitation period had expired before the trial began.

---

1. All statutory citations will be to RSMo 1994.

Defendant did not raise this issue in either his motion for new trial or his direct appeal.

■ Our review is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15; *Brummell v. State,* 770 S.W.2d 379, 380 (Mo.App. E.D.1989). Such findings and conclusions will be found clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Id.* To be entitled to an evidentiary hearing, a movant must cite facts not conclusions, which, if true, would warrant relief; the factual allegations must not be refuted by the record; and the matters complained of must have prejudiced the movant. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show, by a preponderance of the evidence, that counsel's performance was deficient and that the deficient performance prejudiced movant's defense. *State v. Henderson,* 826 S.W.2d 371, 377–78 (Mo.App. E.D.1992) (*citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). To prove deficient performance, a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Henderson,* 826 S.W.2d at 378. Prejudice exists when there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* If a movant fails to show either deficient performance or prejudice, the court need not address the other component. *State v. Mueller,* 872 S.W.2d 559, 566 (Mo.App. E.D.1994).

■ Section 217.460 requires that a defendant be tried within 180 days of the receipt of his Uniform Mandatory Disposition of Detainers Law request. In determining whether a defendant was deprived of his right to a speedy trial, the courts assess four factors: (1) length of delay; (2) reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530–32, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101, 116–18 (1972); *State v. Davis,* 903 S.W.2d 930, 936 (Mo.App. W.D.1995). "The length of the delay is to some extent a triggering mechanism," and unless a delay is presumptively prejudicial, there is no necessity for inquiry into the other factors. *State v. Thomas,* 625 S.W.2d 115, 125 (Mo.1981) (citing *Barker,* 407 U.S. at 530–32, 92 S.Ct. at 2192–93, 33 L.Ed.2d at 116–18); *Davis,* 903 S.W.2d at 936.

■ Missouri courts have stated that a delay of eight months or longer is presumptively prejudicial. *State v. Farris,* 877 S.W.2d 657, 660 (Mo.App. S.D.1994). In determining whether the delay was presumptively prejudicial, however, the delay attributable to the defendant's continuances, motions, or other actions must first be subtracted from the total delay. *Davis,* 903 S.W.2d at 936 (citing *Thomas,* 625 S.W.2d at 125). Any delay attributable to a defendant's affirmative action or agreement is not included in the period of limitation, and therefore, a continuance granted at a defendant's request tolls the 180 day period. *State v. Coons,* 886 S.W.2d 699, 701 (Mo. App. S.D.1994); *State v. Clark,* 846 S.W.2d 750, 752 (Mo.App. E.D.1993); *State v. Sallee,* 624 S.W.2d 184, 186 (Mo.App. S.D. 1981). A defendant may not have the benefit of a delay caused by the grant of this request and then charge the delay to the state. *See Sallee,* 624 S.W.2d at 186.

Here, defendant filed a request for continuance from January 25, 1995, until March 27, 1995. Defendant filed a request for disposition of detainer, and it was received by the court and prosecuting attorney on February 27, 1995. On April 25, 1995, defendant's trial date was set for July 17, 1995. On July 13, 1995, defendant requested another continuance, and the trial was then set for August 7, 1995.[2] After a continuance by the court, the trial was held on October 2, 1995.

---

**2.** In defendant's amended motion for post-conviction relief, defendant claims: "The record is unclear as to whether the defense requested the [July] continuance or if the matter had been continued by the Court." We note that the trial court docket sheet provides: "7/13/95 ... Continued by Defendant 08/07/95." Furthermore, in defendant's pro se motion for post-conviction relief, he states that on July 17, 1995, defense counsel "visited [defendant] at the St. Louis, City

The motion court found that the "total time between March 27, 1995 and October 2, 1995 was 190 days. When the continuance from July 11, 1995[3] to August 7, 1995 (27 days) is subtracted, the total elapsed time was 163 days. There accordingly was no violation of the detainers act and the court was not lacking in jurisdiction." We agree. The only delay not attributable to defendant's own continuance motions was from March 27 to July 13 and from August 7 until October 2. The length of this delay was not presumptively prejudicial, and defendant was brought to trial within 180 days.

Defendant asserts, however, that "[a]fter the [180 day] period commences the court may grant additional time 'for good cause shown in open court.'" Defendant contends that the record does not show whether his continuances were granted in open court or for "good cause." In making this argument, defendant has misinterpreted section 217.460. That statute provides:

Within one hundred eighty days after the receipt of the request and certificate ... by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. . . .

Section 217.460.

In *State v. Walker*, 795 S.W.2d 628, 629 (Mo.App. E.D.1990), we noted that section 217.460 contains three exceptions to the requirement that the defendant be brought to trial within 180 days. Judge Grimm, speaking for this court, enumerated those exceptions as follows:

First, the trial court may, "for good cause shown in open court, the inmate or his counsel being present," grant "additional necessary or reasonable time." Second, the "parties may stipulate for a continuance." Third, "a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard."

*Walker*, 795 S.W.2d at 629. *See also White v. State*, 835 S.W.2d 529, 530–31 (Mo.App. E.D.1992).

In *Walker*, the trial court dismissed the information against the defendant because the state exceeded the 180 day limitation. *Id.* at 628. The state appealed the dismissal. In that case, the state, rather than the defendant, had requested a continuance. The case fell under the third exception of section 217.460. This court noted that the third exception requires the following: (1) notice to defendant's attorney of the request for continuance; and (2) defendant's attorney must be given an opportunity to be heard on the request. *Id.* at 630. Because we found no indication in the record that the defendant had an opportunity to be heard on the state's motion before it was granted, we affirmed the trial court's dismissal.

The result in *Walker* is distinguishable from the case at hand. Here, *defendant* filed two motions for continuance. Because this case falls under the third exception to the statute, the state was entitled to notice and an opportunity to be heard. Defendant, however, was not entitled to an opportunity to be heard. Defendant cannot file a motion for continuance and then demand that a hearing should have been held to allow him to contest the granting of the continuance. It would be absurd to construe the statute otherwise. *See White*, 835 S.W.2d at 531 ("Counsel's entitlement to notice and an opportunity to be heard refers to adversarial proceedings, and not motions granted upon his or her

Jail, St. Louis, Mo., and attempted to get [defendant] to sign a waiver form to which would stip[u]late for a continu[a]nce, [defendant] promptly refused and ... [defendant's] attorney Curtis Cox, stated that *he had already asked for and received a continu[a]nce.* ..." We find that the July 13, 1995, continuance is attributable to defendant.

3. Although the motion court refers to the continuance granted on July 11, 1995, the trial court docket sheet provides that the continuance was granted on July 13, 1995. This discrepancy does not affect the outcome of this case.

request."). Furthermore, defendant was not entitled to a hearing to determine if the continuances were granted for good cause. This hearing is required only if the case falls under the first exception found in section 217.460. Consequently, if this issue had been presented to the trial court, it is apparent that the trial court had jurisdiction to proceed.

 Here, however, we broadly interpret defendant's argument that his counsel was ineffective for failing to obtain his consent for the continuance.[4] In his pro se motion for post-conviction relief, defendant argued that he was opposed to the continuances and that his attorney obtained them without his approval. At the sentencing hearing defendant stated that he was not satisfied with his attorney's service and that "[defense counsel] asked for continuances in my case and I asked him not to continue the case against my motion for a fast and speedy trial." We believe that this allegation raises a factual question that must be determined by the motion court. Therefore, we remand for an evidentiary hearing to determine this issue. If, after an evidentiary hearing, the motion court finds that the evidence supports defendant's contention, the trial court lacked jurisdiction and defendant should be discharged.

The judgment as to defendant's convictions and sentences is affirmed. The judgment as to defendant's Rule 29.15 motion is reversed, and the cause is remanded for an evidentiary hearing in accordance with this opinion.

DOWD, J., concurs.

KAROHL, J., concurs in separate opinion.

KAROHL, Judge, concurring.

I concur. The issues on direct appeal are without merit. The trial court did not err in imposing sentences on guilty verdicts. However, the issue raised, for the first time, in defendant's Rule 29.15 motion contests jurisdiction of the sentencing court. By affirming the judgments and by recognizing a statutory, jurisdictional issue on remand of the Rule 29.15 motion it should be clear that the affirmance of the convictions on direct appeal is not based upon an implied finding that defendant's claim, a violation of section 217.460 RSMo 1994 deprived the trial court of jurisdiction is without merit.

I also concur that the Rule 29.15 motion should be remanded and heard on the merits. However, in addition to ineffective assistance of counsel, a movant may contest jurisdiction of the sentencing court separate and apart from acts or omissions of trial counsel. The Rule 29.15 motion implicates a loss of jurisdiction for failure to begin trial within 180 days of defendant's statutory request for speedy trial. The remand should not be limited only to a determination of an issue of ineffective assistance of counsel.

Section 217.460 requires a trial within 180 days after the receipt of defendant's request and a certificate by the court and the prosecuting attorney that they have received the request. The statute extends that period for "such additional *necessary* or *reasonable* time as the court may grant." This case presents an issue of the meaning of necessary and reasonable. Defendant alleged his trial counsel attempted to obtain from him a waiver form for the July, 1995 continuance; that he refused; and, that his counsel then announced that the continuance had already been granted on the basis that counsel told the court "he was tired." We may accept, without deciding, a continuance requested by

---

4. In *Sallee*, the Southern District held that a "continuance granted at the request of defendant's attorney tolls the 180 day period of the 'agreement on detainers,' even if the request is made orally and out of court." *Sallee*, 624 S.W.2d at 186 (citing *Com. v. Washington*, 488 Pa. 133, 411 A.2d 490, 491 (1979); *State v. Carlson*, 258 N.W.2d 253 (N.D.1977); *State v. Earnest*, 265 So.2d 397 (Fla.App.1972); *State v. Davis*, 44 Ohio App.2d 95, 335 N.E.2d 874 (Ohio App.1975)). The court further noted, "*Earnest* holds, and *Carlson* approves the holding, that the defendant's attorney's request for a continuance was binding on the defendant whether or not defendant himself was informed of the request or gave his express consent to it." *Sallee*, 624 S.W.2d at 186. Under *Sallee*, it is apparent that continuances obtained by an attorney are binding on the defendant, and the defendant cannot argue on direct appeal that such continuance was obtained with or without the defendant's approval.

defendant's counsel need not be in open court for good cause shown. However, the extensions of the 180 day limit are further qualified by the statute to include only "such additional necessary or reasonable time as the court may grant." One of the issues that defendant has raised by the motion for post conviction relief is that the continuance requested by counsel, but objected to by defendant, was not for a necessary or reasonable time based upon the explanation which he alleges his trial counsel gave as the sole ground for continuance. That issue is properly before the motion court on remand.