

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112121 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Audrain County |
| v. | ) | Cause No. 23AU-CR00111 |
| | ) | |
| COTY M. PILKERTON, | ) | Honorable Linda R. Hamlett |
| | ) | |
| Appellant. | ) | Filed: June 17, 2025 |

**Introduction**

Appellant Coty Pilkerton was found guilty of misdemeanor stealing, trespass in the first degree, and fraudulent use of a debit device. Appellant appeals the conviction claiming that the circuit court erred by overruling his motion to dismiss due to a violation of his right to a speedy trial under Missouri's Uniform Mandatory Disposition of Detainers Law (UMDDL), Article I, Sections 10 and 18(a) of the Missouri Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Though the delay was sufficient to violate the UMDDL, it was not egregious enough to violate Apellant's constitutional rights. We affirm the circuit court's judgment.

**Background**

Appellant was in state custody on other charges at the time that a complaint was filed against him for misdemeanor stealing, trespass in the first degree, and fraudulent use of a debit

1

device. The facts of the case and evidence brought to trial are not relevant to Appellant's argument and as such have been omitted. The relevant timeline for Appellant's criminal case is as follows:

- September 27, 2022 – initial complaint filed;

- November 9, 2022 – Appellant files a general request for a speedy trial;

- December 27, 2022 – Appellant files a request for final disposition of his complaint;

- January 11, 2023 – arraignment scheduled for February 9, 2023;

- January 14, 2023 – Appellant files motions for a change of judge and a change of venue;

- January 24, 2023 – arraignment rescheduled for February 17, 2023;

- February 17, 2023 – arraignment held, Appellant's motion for change of venue granted;

- February 21, 2023 – Appellant filed a petition for a writ of prohibition in the Eastern District of Missouri which was denied the same day;

- February 23, 2023 – Appellant filed a petition for a writ of prohibition in the Missouri Supreme Court;

- March 1, 2023 – Missouri Supreme Court denies the writ of prohibition;

- March 17, 2023 – trial scheduled for May 22, 2023;

- May 22, 2023 – trial rescheduled to August 4 on the court's own motion;

- August 4, 2023 – trial setting held with Appellant found guilty and sentenced to serve a total of 6 months.

This Appeal follows.

**Standard of Review**

"Whether a criminal case should be dismissed based on the UMDDL is a question of law which the court reviews *de novo*." *State v. Sharp*, 341 S.W.3d 834, 837 (Mo. App. W.D. 2011) (citing *State v. Nichols*, 207 S.W.3d 215, 219 (Mo. App. S.D. 2006)). "To the extent the

2

application of law is based on the evidence presented, the facts are viewed in the light most favorable to the judgment, with due deference given to the circuit court's factual findings." *Id.* (citing *State v. Lybarger*, 165 S.W.3d 180, 184 (Mo. App. W.D. 2005)).

**Discussion**

In his sole point on appeal, Appellant argues that the circuit court erred in overruling Appellant's motion to dismiss due to violations of his right to a speedy trial under the UMDDL as well as both his state and federal constitutional rights to a speedy trial. Specifically, Appellant argues that he properly invoked and satisfied the UMDDL because he was not brought to trial within the 180-day statutory time period, and the delay violated Article I, Sections 10 and 18(a) of the Missouri Constitution, as well as the Sixth and Fourteenth Amendments to the United States Constitution.

A. *Violation of the Uniform Mandatory Disposition of Detainers Law*

Under the UMDDL, "an inmate can request a final disposition of any untried charges when a detainer has been lodged against him." *Sharp*, 341 S.W.3d at 837; Section 217.450-485.[1] The statute specifically requires:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it and shall set forth the place of imprisonment.

Section 217.450.1. The statute further requires:

> Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney

---

[1] All Section References are to the Missouri Revised Statutes (2020).

or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period and if the court finds that the offender's constitutional right to a speedy trial has been denied, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Section 217.460. "In order to trigger the 180–daytime limit, a defendant must show that he made a good faith effort and substantially complied with the procedural requirements of the UMDDL." *Sharp*, 341 S.W.3d at 838 (citing *Dillard v. State*, 931 S.W.2d 157, 164 (Mo. App. W.D. 1996)).

The 180-day limit begins on the day that the circuit judge and prosecutor receive notice of the prisoner's request to have a final disposition of the charges against him. *State ex rel. Kemp v. Hodge*, 629 S.W.2d 353, 357 (Mo. banc 1982). Appellant's request for a final disposition was received by the court and the prosecutor on December 27, 2022. The trial was held on August 4, 2023, creating a 220-day gap between the request and the trial for the purposes of the UMDDL.[2] *Id.* However, the 180-day period is tolled by any delays the Appellant agrees to or creates. *State v. Allen*, 954 S.W.2d 414, 417 (Mo. App. E.D. 1997).

In this case, Appellant tolled the 180-day limit when he filed motions requesting a change of judge and venue. *Id.* ("Any delay attributable to a defendant's affirmative action or agreement is not included in the period of limitation . . .") (citing *State v. Coons*, 886 S.W.2d 699, 701 (Mo. App. S.D. 1994)). Appellant asserts that he has a legal right to file those motions and they should not be held against him. This argument fails to persuade us. While Appellant is certainly within

---

[2] While Appellant did file a general request for a speedy trial on November 9, 2022, it was not sufficient to start the 180-day period as it did not comply with the requirements of Section 217.450.1 in that it did not set forth the place of imprisonment.

his rights to file these motions, he cannot "have the benefit of a delay caused by the grant of [those motions] and then charge the delay to the state" when claiming a speedy trial right violation. *Id.* (citing *State v. Sallee*, 624 S.W.2d 184, 186 (Mo. App. S.D. 1981)). Requests for changes of judges are considered to be by the defendant's action and agreement and are therefore not included in the 180-day period of limitation. *Murphy v. State*, 777 S.W.2d 636, 638 (Mo. App. W.D. 1989) ("[A]ppellant's request for a change of judge, which was sustained, was by his action and agreement and is not to be included in the 180-day period of limitation.").

The time between when Appellant filed the motions for a change of judge and venue and when the last of the motions was heard must be taken from the 220-day total. *Allen*, 954 S.W.2d at 417 (citing *State v. Davis*, 903 S.W.2d 930, 936 (Mo. App. W.D. 1995)). Appellant filed the motions on January 14, 2023. After the motion for a change of judge was granted, the motion for a change of venue was heard on February 17, 2023, creating a gap of 34 days. Appellant asserts that there was no delay in proceedings. However, the arraignment was originally scheduled for February 9, 2023, and was only rescheduled to February 17, 2023, as a result of the motions for a change of judge and venue. The motions created a delay which must "be subtracted from the total delay." *Id.* at 417.

Subtracting the 34-day delay from the 220-day total leaves 186 days, still past the limit allowed by the UMDDL. The State argues that the limitation was further tolled when Appellant filed for writs of prohibition in the Eastern District of Missouri on February 23, 2023, and in the Supreme Court of Missouri on March 1, 2023. The State asserts that these affirmative acts automatically toll the 180-day limit. However, it is not enough that a defendant merely takes affirmative action, those actions must actually *cause delay* in order to toll the statutory time period. *Id.* ("Any *delay* attributable to a defendant's affirmative action . . .") (emphasis added);

5

*State ex rel. Bass v. Rush*, 847 S.W.2d 182, 184 (Mo. App E.D. 1993) ("Facts in the record allow only a conclusion that, *if there was a delay . . .*") (emphasis added).[3]

The State does not claim that the filing for the writs of prohibition caused any *actual* delay, only that they constituted affirmative action that tolls the 180-day limit. The writ of prohibition filed with the Eastern District of Missouri could not plausibly be considered a delay as it was rejected in the same day it was filed. Additionally, even though the writ filed with the Supreme Court lingered for six days before it was denied, there is no reference in the record to either of these writs and no indication they delayed the trial in any way, as neither court entered any temporary stay or writ of prohibition. *See State ex rel. Consumer Programs Inc. v. Dowd*, 941 S.W.2d 716, 717 (Mo. App. E.D. 1997) ("The issuance of the temporary writ freezes the action below. The trial court has no jurisdiction to take further action in the underlying case and any action taken in violation of the writ is void. The trial court may not reassume jurisdiction until the writ court has relinquished jurisdiction either by quashing the writ or by making it permanent and returning the case to the trial court."). Without the tolling of the 180-day limit for the single day the writ was before the Eastern District and the six days it was before the Supreme Court, the time between Appellant's request for a speedy trial and the trial itself was 186 days, violating the limit set forth in the UMDDL. However, demonstrating that the time between a request for a speedy trial and the trial itself violates the UMDDL is insufficient to warrant a dismissal of Appellant's charges.

---

[3] The State also cites to *State ex rel. Wolfrum v. Wiesman* without a pincite to support its argument. 225 S.W.3d 409 (Mo. banc 2007). This case demonstrates that when a defendant's lawyer requests a continuance for the benefit of the defendant, it still tolls the 180-day limit even if the defendant openly disagrees with his lawyer about continuing the case. *Id.* at 412. Absent from the case is any support that merely filing for a writ creates a presumption of delay that would toll the statute.

B. _Appellant's Constitutional Right to a Speedy Trial_

Section 217.460 requires that the 180-day limit be violated _and_ that there be a violation of the Appellant's constitutional right to a speedy trial prior to dismissal. _State v. McKay_, 411 S.W.3d 295, 302 (Mo. App. E.D. 2013). ("The plain language of the UMDDL mandates the dismissal of a complaint not brought to trial within 180 days unless the 180–day period is tolled _and_ if the court finds that the offender's constitutional right to a speedy trial has been denied.") (citations omitted) (emphasis in original).

"The right to a speedy trial is secured by the Sixth Amendment of the United States Constitution and Article I, Section 18(a) of the Missouri Constitution." _State v. Sisco_, 458 S.W.3d 304, 313 (Mo. banc 2015) (citing _State v. Taylor_, 298 S.W.3d 482, 504 (Mo. banc 2009)). "The federal and Missouri constitutions provide equivalent protection for a defendant's right to a speedy trial." _Id._ (citations omitted). "Determining whether a defendant's right to a speedy trial has been violated requires a balancing of four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to defendant resulting from the delay." _Id._ (citing _Barker v. Wingo_, 407 U.S. 514, 530 (1972)). "The existence of any one of these factors is neither necessary nor sufficient to finding a deprivation of the right to a speedy trial[,] [r]ather, 'courts must . . . engage in a difficult and sensitive balancing process.'" _Id._ (quoting _Barker_, 407 U.S. at 530). The length of delay has already been established to be presumptively prejudicial above, and Appellant's assertion of his right is not contested, leaving only the reason for delay and the prejudice to Appellant to be analyzed.

1. _Reason for the Delay_

This Court applies different weights to the varying reasons for a delay:

A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence

7

or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531. Alternatively, "[d]elays attributable to the defendant weigh heavily against the defendant." *State v. Greenlee* 327 S.W.3d 602, 612 (Mo. App. S.D. 2010) (quoting *State v. Farris*, 877 S.W.2d 657, 660 (Mo. App. S.D. 1994)).

In this case, there are two identifiable delays: (1) a one month delay due to Appellant's motion for a change of judge and venue; and (2) the circuit court's rescheduling of the trial setting on its own motion. Appellant's requests for change of judge and change of venue are delays attributable to Appellant, and as such it weighs heavily against him. *Id.* at 612. Absent from the case is any suggestion that the State created delays to deliberately hamper Appellant's defense. *See State v. Owsley*, 959 S.W.2d 789, 794 (Mo. banc 1997) ("The state in no way attempted to delay the trial, while in contrast, a great deal of time was spent handling [appellant's] motions."). This leaves the delay created when the circuit court rescheduled the trial.

The record is silent regarding the reason the circuit court rescheduled the trial, and neither Appellant nor the State has provided context or argument regarding this delay. As such, this is "[a] more neutral reason . . . weighted less heavily but nevertheless [weighed against the State]." *Barker*, 407 U.S. at 531; *see also Greenlee*, 327 S.W.3d at 612 ("Trial court related docket delays should nevertheless be considered because the ultimate responsibility for such circumstances must rest with the government rather than the defendant.") (citing *State ex rel. McKee v. Riley*, 204 S.W.3d 720, 729 (Mo. App. E.D. 2010)). Considering that the delay Appellant created by filing motions for a change of judge and venue weighs more heavily

8

against him than the circuit court's rescheduling does against the State, this factor does not demonstrate that Appellant's right to a speedy trial was violated.

### 2. *Prejudice to Appellant*

"Whether a delay prejudiced the defendant is evaluated in light of three concerns: '(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired.'" *Sisco*, 458 S.W.3d at 317 (quoting *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 912 (Mo. banc 2010)). "Courts view the third consideration as the most serious." *Id.* (citing *Goldman*, 316 S.W.3d at 912). Appellant points to two potential sources of prejudice in this case, the length of delay and the potential negative effects the detainer can have on Appellant's parole eligibility and parole proceedings while Appellant was in custody on other charges. Neither argument is persuasive.

For the first factor, prevention of oppressive pretrial incarceration, there is no prejudice. Appellant was already in custody on other charges at the time the initial complaint was filed, making this factor inapplicable to the instant case. *State v. Young*, 582 S.W.3d 84, 95 (Mo. App. E.D. 2019) ("Here, because [defendant] was incarcerated on other charges in addition to the present charges, he cannot show oppressiveness of pretrial incarceration.") (citing *State v. Williams*, 120 S.W.3d 294, 300 (Mo. App. W.D. 2003)). Additionally, the warrant issued authorized Appellant being released on his own recognizance, meaning he would not be subject to pretrial incarceration had he not already been in custody on other charges. When someone is not subject to pretrial incarceration, there can be no showing under this factor. *See State v. Thomas*, 562 S.W.3d 359, 363 (Mo. App. S.D. 2018) (observing the appellant did not argue the first factor because she was not jailed pending trial); *see also Sisco*, 458 S.W.3d at 317 (observing that the appellant was only jailed for three months before being released on bond with

9

electronic monitoring, which was less prejudicial than incarceration). Thus, there is no prejudice regarding oppressive pretrial incarceration.

Appellant's argument regarding the minimization of anxiety and concern relates to the effect the detainer had on him while in custody on other charges. Appellant asserts that "the anxiety caused by pre-trial incarceration can be further intensified when a criminal defendant is already under a detainer and being housed in the Department of Corrections, because of the unique effect additional charges can have on someone who is already serving a sentence." Appellant notes that these charges can have an effect on parole eligibility and parole proceedings. To illustrate the point, Appellant cites *State ex rel Clark v. Long*:

> In the instant case, according to evidence, *Defendant was transferred into administrative segregation on June 29, 1992, because there was a pending murder charge against him.* Obviously, this charge was known not only to the Defendant but also to the prison officials. Therefore, whether the information came from a detainer or from some other source, the result was the same as it applied to Defendant's status as a prisoner in the state's correctional system.

870 S.W.2d 932, 938 (Mo. App. S.D. 1994) (emphasis added). We do not disagree that these effects *can* be present, but Appellant has failed to demonstrate any way in which those effects *actually are* present in this case. Appellant does not point to any upcoming parole hearing or proceeding. Even in *Long,* the defendant was transferred into administrative segregation *as a result of the other charges*. *Id*. Appellant does not claim he was placed into administrative segregation or had any other actions taken against him due to the filing of the charges that caused him increased anxiety or concern related to his incarceration on other charges. "Undoubtedly, anxiety and concern exist in every criminal case, 'but that alone does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed *particularly heavily* on him in specific instances.'" *State v. Bolin*, 643 S.W.2d 806, 815 (Mo. banc 1983) (quoting *State v. Black*, 587 S.W.2d 865, 877 (Mo. App. E.D. 1979)). Without

10

showing that the delay weighed "particularly heavy" on him, this factor does not demonstrate Appellant's rights were violated.

Appellant also fails to point to any specific showing that the delay limited his ability to defend himself at trial. Instead, Appellant cites to *Sisco*, arguing that "the presumption of prejudice 'intensifies,' and its importance among the other factors increases with the length of the delay." *Sisco*, 458 S.W.3d at 318 (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)). Appellant argues that the 6-day delay past the 180-day limit is sufficiently prejudicial such that "affirmative proof of particularized prejudice is not essential" to his speedy trial claim because "excessive delay presumptively compromises the reliability of trial in ways that neither party can prove or, for that matter, identify." *Id.* (internal quotations omitted). However, "[w]hen there is a delay of sufficient length to be presumptively prejudicial, courts then will engage in a balancing of factors, one of which is prejudice." *Id.* (citing *Barker*, 407 U.S. at 530). "Determining a delay is long enough to trigger considerations of the factors does not negate the need for this Court to consider actual prejudice." *Id.*

Certainly, the delay in this case does not rise to the level of excessive when compared to cases where an excessive delay was analyzed. *Compare Doggett*, 505 U.S. at 658 ("When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review . . . the defendant is entitled to relief.") *with Sisco*, 458 S.W.3d at 319 ("Most of the three-year delay was caused by neutral reasons, and . . . [m]oreover, the actual prejudice [appellant] suffered by the delay was minimal."). Just as in *Sisco*, Appellant "is not entitled to relief by merely relying on the presumption of prejudice." 458 S.W.3d at 318. This factor also fails to demonstrate that Appellant's Constitutional Right to a speedy trial was violated.

11

*3. Balancing of Factors*

Of the four factors, only the length of delay weighs in Appellants favor. Considering the minimal nature of the delay, only six days after accounting for the delay caused by Appellant, it is not egregious enough to warrant Appellant relief standing alone. *Id.* Appellant has provided no specific ways in which these charges have adversely affected him emotionally, and the time delay is insufficient to assume that it hindered Appellant's defense at trial. When weighing these factors, we determine that the Appellant's Constitutional Right to a speedy trial was not violated.

## Conclusion

For the reasons set forth above, the judgment is affirmed.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., concurs in result only.
Gary M. Gaertner, Jr., J., concurs in result with separate opinion.



# In the Missouri Court of Appeals
## Eastern District

STATE OF MISSOURI,           )      No. ED112121

                         )

      Respondent,         )      Appeal from the Circuit Court

                         )      of Audrain County

v.                       )      Cause No. 23AU-CR00111

                         )

COTY M. PILKERTON,      )      Honorable Linda R. Hamlett

                         )

      Appellant.          )      Filed: June 17, 2025

## CONCURRENCE

I respectfully concur in result only. While I agree the trial court did not err in overruling Appellant's motion to dismiss, I write separately because I would find that the delay between Appellant's assertion of his rights under the Uniform Mandatory Disposition of Detainers Law (UMDDL) and his trial did not violate the UMDDL. Missouri courts toll the 180-day requirement of the UMDDL not only for affirmative actions by the defendant that cause delays, but also when a continuance meets any of three exceptions to the 180-day requirement contained in Section 217.460 of the UMDDL. Applying the statute here, I would find at least one continuance of 66 days granted by the trial court should be excluded from the time calculation under Section 217.460, thus the trial court timely tried Appellant under the UMDDL.

The timeline of the disposition of Appellant's case includes the following:

| | |
|---|---|
| September 27, 2022 | Initial complaint filed, starting Sixth Amendment timeline |
| December 27, 2022 | Appellant files request for a final disposition of his case, starting UMDDL timeline |
| January 14, 2023 | Appellant files motion requesting change of judge and venue |
| January 17, 2023 | Motion for change of judge granted |
| January 24, 2023 | New judge assigned; Arraignment rescheduled from February 9, 2023 to February 17, 2023 |
| February 17, 2023 | Arraignment held; Court grants change of venue |
| February 21, 2023 | New venue receives transfer; Appellant files petition for writ of prohibition in this Court; Writ petition denied by this Court |
| February 23, 2023 | Appellant files petition for writ of prohibition in Supreme Court of Missouri |
| March 1, 2023 | Supreme Court of Missouri denies writ petition |
| March 17, 2023 | Trial continued to May 22, 2023, "on motion of defendant" per trial court's docket sheet |
| May 22, 2023 | Trial continued to August 4, 2023, "on the court's own motion" per trial court's docket sheet |
| August 4, 2023 | Appellant's trial conducted |

Appellant argues the trial court should have dismissed the charges against him due to a violation of the UMDDL's requirement that he be tried within 180 days of receipt of

2

his request for final disposition of his case, as well as a violation of his Sixth Amendment right to a speedy trial. While Appellant was tried 220 days after his request for final disposition of his case, and just over ten months following the filing of the State's formal complaint, I would find that statutory exceptions and Appellant's own actions tolled both timelines, rendering his trial timely under both standards.

First, Section 217.460 of the UMDDL provides the following:

> Within one hundred eighty days after the receipt of [an inmate's request for speedy trial pursuant to the UMDDL] *or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present*, the indictment, information or complaint shall be brought to trial. *The parties may stipulate for a continuance* or *a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard*.

Section 217.460 (emphasis added). This Court has previously noted that the italicized language above sets out three exceptions to the 180-day requirement contained in this section: (1) "the trial court may, 'for good cause shown in open court, the inmate or his counsel being present,' grant 'additional necessary or reasonable time'"; (2) "[t]he parties may stipulate for a continuance"; and (3) "a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard." State v. Allen, 954 S.W.2d 414, 418 (Mo. App. E.D. 1997) (quoting State v. Walker, 795 S.W.2d 628, 629 (Mo. App. E.D. 1990)); see also State v. Nichols, 207 S.W.3d 215, 219-20 (Mo. App. S.D. 2006); State v. Laramore, 965 S.W.2d 847, 850 (Mo. App. E.D. 1998); White v. State, 835 S.W.2d 529, 530-31 (Mo. App. E.D. 1992). A continuance falling under any of these exceptions tolls the statutory 180-day period. See Nichols, 207 S.W.3d at 221-24 (statutory period tolled for good cause shown in open court due to unavailability of State's witness); but see Laramore, 965 S.W.2d at 851 (finding statutory period not tolled where no

3

indication delays were "for good cause shown in open court" in presence of defendant or counsel, by any stipulation of continuance, or with any prior notice and opportunity to be heard); Walker, 795 S.W.2d at 630 (finding continuance did not fall under third exception where record gave no indication defendant had opportunity to be heard before court granted State's motion).

Apart from these statutory exceptions, the 180-day time period is tolled due to "any delays attributable to the affirmative actions of a defendant." Nichols, 207 S.W.3d at 220 (citing Laramore, 965 S.W.2d at 850); see also Allen, 954 S.W.2d at 418-19 (continuances requested by defendant tolled statutory period; defendant did not require notice and opportunity to be heard because they were at defendant's request); White, 835 S.W.2d at 531 (same); Murphy v. State, 777 S.W.2d 636, 638 (Mo. App. W.D. 1989) (delay resulting from defendant's request for change of judge tolled statutory period). Thus, while I agree any delay here resulting from Appellant's motions for change of judge and venue toll the statutory period, I would first consider whether any other delays fall under the statutory exceptions of Section 217.460.

At Appellant's arraignment on February 17, 2023, the court granted Appellant's request for a change of venue and set a trial date of March 17, 2023, in Audrain County, following this discussion:

> THE COURT: . . . [t]he next jury date I have in Audrain is March 20th. But my recollection is you are not available on that date, [Prosecuting Attorney].
>
> [Prosecuting Attorney]: Correct.
>
> THE COURT: Okay. Do you want me to put this on the 17th for a trial setting?

4

> [Defense Attorney]: Sure. And then at that time we should know the May dates; is that right?
>
> THE COURT: Right.
>
> [Defense Attorney]: Sure. Okay.
>
> THE COURT: Okay. So, this is in Mr. Pilkerton. So, for today, we'll just put him on for March 17th at 9:00 for a trial setting.

The court then heard argument from both parties on Appellant's motion to dismiss for the inadequacy of Appellant's preliminary hearing. The trial court denied the motion and then confirmed the trial date in light of its ruling:

> THE COURT: . . . And I want to make sure you still want the March 17th date for trial setting?
>
> [Defense Attorney]: Yes.
>
> THE COURT: That will give you plenty of time to take it up on a writ, hopefully.
>
> [Defense Counsel]: Yeah. If I get it up now, the Supreme Court is going to probably come down with their decision. March 7 is their next hand down date. So, I'll get that filed and then we'll probably, assuming—
>
> THE COURT: And then go from there.

On March 17, the court's docket sheet states, "State appears, defendant appears by counsel. On motion of defendant, cause set for jury trial in AUDRAIN County on May 22, 2023."

Considering the foregoing record of the arraignment on February 17, Appellant's counsel was aware and agreeable at the time the court set the trial for March 17 that the date would later be continued to sometime in May. Appellant's counsel further acknowledged the initial trial setting of March 17 would allow him time to file extraordinary writ petitions contesting the trial court's denial of his motion to dismiss.

5

Additionally, the docket sheet reflects that the next trial setting of May 22, 2023, was "at defendant's request." These circumstances show that the continuance between March 17 and May 22 was either stipulated by the parties (the second statutory exception) or granted with notice and an opportunity to be heard (the third exception), and even, according to the docket sheet, at Appellant's request (affirmative action by defendant). Accordingly, this time period of 66 days must be subtracted from the total 220-day span between Appellant's assertion of his rights and his trial, leaving 154 days.[1] Thus, I would find there was no UMDDL violation on this basis alone.

Therefore, while not ultimately relevant to the UMDDL analysis, I do note there is an additional period of delay here attributable to the affirmative actions of Appellant. Determining the precise period of such delay, however, is more difficult. Appellant filed his motion requesting a change of judge and venue on January 14, the trial court granted the motion for change of judge on January 17, and the Supreme Court of Missouri assigned a new judge on January 24. Appellant's arraignment, which was originally scheduled for February 9, was rescheduled for February 17 with the new judge. On February 17, the new judge granted Appellant's motion for change of venue, and the docket sheets reflect that Audrain County received the change of venue on February 21. On February 28, the Audrain County docket sheet has an entry stating "Trial Setting Scheduled," listing the trial scheduled for March 17. Additionally, after the denial of Appellant's motion to dismiss at the arraignment on February 17, Appellant's counsel indicated he would file extraordinary writ petitions, which were pending in this Court on February 21 and in the Supreme Court

---

[1] There was one additional continuance of the trial date from May 22, 2023 to Appellant's eventual trial on August 4, 2023. The docket sheet states that the continuance was on the court's own motion, and there is no indication there or in the transcript that Appellant agreed to the continuance or had an opportunity to be heard. Accordingly, I would not find any further basis for tolling the statutory period due to this continuance.

6

of Missouri between February 23 and March 1. As discussed above, the initial trial setting of March 17 was in part to allow time for the disposition of Appellant's petitions for extraordinary writs.

While delays occasioned by a defendant's request for a continuance are easily calculated, delays caused by the disposition of pretrial motions filed and ruled upon before any trial date is set are less clear. In such a case, the State must show that there was actually a delay in the proceedings caused by the time required to dispose of the motions. State v. Smith, 686 S.W.2d 543, 548 (Mo. App. S.D. 1985). At the same time, Missouri courts have also noted a rule that the time limit should be tolled whenever the defendant is "unable to stand trial, as determined by the court having jurisdiction of the matter." Murphy, 777 S.W.2d at 638 (quoting Smith, 686 S.W.2d at 547).

Applying these principles in the context of a request for a change of judge or venue, Missouri courts typically subtract the time from the filing of the request to the date the change is completed. State v. Galvan, 795 S.W.2d 113, 118 (Mo. App. S.D. 1990) (subtracting total time beginning with defendant's request for change of judge and venue, to new assignment of judge, who then ordered change of venue, ending when original file received in new venue); see also State v. Carl, 389 S.W.3d 276, 282 n.4 (Mo. App. W.D. 2013) (tolling time limit for time between request for change of venue and new venue receiving transfer); Murphy, 777 S.W.2d at 638 (tolling for period between request and grant of change of judge, which occurred on the same day, and date defendant appeared before new judge). Applying this calculation here, the time between Appellant's request for a change of judge and venue on January 14 and Audrain County receiving the transfer on February 21 was 38 days.

7

Regarding Appellant's petitions for extraordinary writs, the parties had already agreed they would reschedule the trial for May when the dates became available, but Appellant's intention to file petitions for extraordinary writs was a factor in choosing a trial date in the first place, and the trial court sought to ensure Appellant time for those writ petitions to play out. As a practical matter, even if the Court of Appeals or Supreme Court of Missouri does not issue a preliminary writ or stay the trial court proceedings, trial courts receive notice of the filing of extraordinary writ petitions and generally will not proceed until such petitions resolve. Here, the record is clear that the trial court did not consider Appellant available for trial during this time, and it should therefore further toll the UMDDL time limit. Adding the time Appellant's extraordinary writ petitions were pending, February 21 and then February 23 through March 1, results in additional tolling of 7 days.[2]

Finally, Appellant also argues that the trial court erred in failing to dismiss the charges against him due to a violation of his Sixth Amendment right to a speedy trial. We must consider both because, even if we do not find a UMDDL violation, the time computation under the Sixth Amendment is often different: the Sixth Amendment right attaches at the time of a formal indictment, formal information, or actual restraints imposed by arrest, whereas the UMDDL timeline begins when the trial court and prosecuting attorney receive a defendant's request for final disposition of his case. See State v. Carl, 389 S.W.3d 276, 283 n.5 (Mo. App. W.D. 2013). Appellant's right to a speedy trial pursuant to the Sixth Amendment was not violated here.

---

[2] Missouri courts typically exclude the day the request is received, but include the day the request is disposed of. See State v. Galvan, 795 S.W.2d 113, 118 n.8 (Mo. App. S.D. 1990) (discussing State v. Malone, 694 S.W.2d 723, 725-26 (Mo. banc 1985), Rule 20.01, and holdings in other jurisdictions).

8

Such analysis begins with the length of delay, and continues only where a presumptively prejudicial delay has occurred, which is a delay of more than eight months. State v. Gwin, 684 S.W.3d 762, 769 (Mo. App. W.D. 2024) ("If the length of the delay is not presumptively prejudicial, . . . we deem no rights to have been violated and need not inquire into the other three factors") (citing Carl, 389 S.W.3d at 283). The delay is measured from the time of a formal indictment or information or when actual restraints are imposed by an arrest. State v. James, 552 S.W.3d 590, 598 (Mo. App. W.D. 2018) (quoting State v. Sisco, 458 S.W.3d 304, 312-13 (Mo. banc 2015)). "In determining whether delays are presumptively prejudicial, delays 'attributable to the defendant's continuances, motions, or other actions must first be subtracted from the total delay.'" Gwin, 684 S.W.3d at 768 (quoting Carl, 389 S.W.3d at 283).

Here, the State filed a formal complaint on September 27, 2022, and Appellant's trial was August 4, 2023, which is a delay of just over ten months. However, subtracting the delays attributable to Appellant, which amounted to 111 days,[3] the remaining delay was approximately six and one-half months.[4] There is no presumptively prejudicial delay here, and thus no violation of Appellant's Sixth Amendment right to a speedy trial. See Carl, 389 S.W.3d at 283 (finding no speedy trial violation where there was delay of only seven months after subtracting delays attributable to defendant).

---

[3] This period includes 66 days for the continuance between March 17 and May 22, 38 days for the disposition of Appellant's motion requesting change of judge and venue, and 7 days for the disposition of Appellant's petitions for extraordinary writs.

[4] Even considering the minimum delay attributable to Appellant, measuring actual delayed proceedings and not considering whether Appellant was able to be tried during the period his motions were pending, the delay attributable to Appellant is 74 days (66 for the continuance and 8 for the delayed arraignment), meaning the State had at minimum until August 10, 2023 to try Appellant. Appellant's trial took place on August 4, 2023.

9

Thus, I concur in affirming the judgment of the trial court. However, for the foregoing reasons, I respectfully concur in result only.

_____
Gary M. Gaertner, Jr., J.